UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SEAN T. PUGH,

    Petitioner,

v.                                     Case No. 16-C-1456

REED RICHARDSON,

    Respondent.

---

## DECISION AND ORDER GRANTING RESPONDENT'S MOTION FOR PARTIAL DISMISSAL

---

On October 31, 2016, Petitioner Sean T. Pugh filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions for multiple drug crimes. His petition asserts fourteen claims for relief involving three state court decisions. At Pugh's request, the petition was stayed for a substantial period of time to permit him to complete state proceedings in the case. The case is now before the Court on Respondent's motion to dismiss thirteen of the claims asserted in Pugh's petition. For the reasons that follow, the motion will be granted.

### BACKGROUND

In December 2012, a jury convicted Pugh of possession and possession with intent to distribute cocaine and THC as a repeater, as well as maintaining a drug trafficking place. *See* Pugh Case Hist., Resp.'s Br., Ex. 1 at 1, Dkt. No. 25-1. He was sentenced to 27 years of initial confinement with 24 years of extended supervision. He filed a direct appeal, contesting the circuit court's decisions to admit other acts evidence and to allow the State to amend the Information. The Wisconsin Court of Appeals affirmed Pugh's conviction. *State v. Pugh*, No. 2013AP1522-

CR (Wis. Ct. App. Oct. 21, 2014). Pugh then filed a motion for relief under Wis. Stat. § 974.06, asserting that his post-conviction and appellate counsel were ineffective for failing to assert that (1) his trial counsel provided ineffective assistance by failing to interview and/or impeach certain witnesses and (2) the State had failed to disclose information favorable to his defense in violation of his due process rights. In addition to his § 974.06 motion, Pugh filed a *Knight* petition for a writ of habeas corpus with the Wisconsin Court of Appeals claiming that his appellate counsel was ineffective for failing to raise the same issues. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

The court of appeals denied the *Knight* petition *ex parte*, finding that "Pugh's claims of ineffective assistance of counsel are not clearly stronger than the claims raised on direct appeal," and that, given the overwhelming evidence of guilt produced at trial, the witness issues could not "have reasonably affected the outcome of the trial." *State v. Pugh*, No. 2016AP943-W (Wis. Ct. App. Sept. 22, 2016), Dkt. No. 25-3 at 4 (internal quotation marks omitted). The circuit court thereafter denied Pugh's § 976.04 motion as moot. Pugh subsequently appealed the circuit court's denial of his § 976.04 postconviction motion. The Wisconsin Court of Appeals affirmed the circuit court's decision and held that Pugh's "current claims for relief from the judgment of conviction are procedurally barred by the prior proceedings." *State v. Pugh*, Nos. 2016AP2505 & 2017AP1619 (Wis. Ct. App. Aug. 6, 2019), Dkt. No. 25-2 at 2. The appeals court specifically addressed the circuit court's denial of Pugh's motion for post-conviction relief, explaining

> those issues were procedurally barred by Pugh's failure to include them with the other issues raised in his direct appeal. In addition, Pugh's attempt in his postconviction motion to recast the issues as claims based upon newly discovered evidence fails because—absent any showing that the information would have affected the trial—the information did not satisfy the materiality criteria for newly discovered evidence.

*Id.* at 5–6. Addressing Pugh's assertion that the real controversy had never been tried, the appeals court reiterated that the issues he repeatedly raised "would not have affected the outcome of the trial" and that "the real controversy was tried and . . . no miscarriage of justice occurred." *Id.* at 6–7. Pugh subsequently filed this petition for a writ of habeas corpus.

**PRELIMINARY MATTERS**

Before turning to the merits of Respondent's motion to dismiss, the Court will first address Pugh's motions. Pugh filed a motion for reconsideration of the Court's November 18, 2020, order granting his counsel's motion to withdraw. After counsel filed a brief in opposition to the motion to dismiss, Pugh filed a pro se motion requesting to withdraw the brief in opposition because he believed his attorney erroneously conceded procedural default and made other pleading errors and inaccuracies. Pugh's counsel subsequently filed a motion to withdraw. The Court granted the motion to withdraw with qualification. The Court terminated Attorney Jeffrey Jensen as counsel but indicated that his response brief will remain a part of the record and may be considered by the Court as a friend of the court brief and directed Pugh to file a brief in opposition by December 18, 2020. Dkt. No. 41. Pugh now requests that the Court reconsider its order granting his attorney's motion to withdraw as counsel or condition his request to withdraw on the return of funds advanced to him.

Pugh's motion for reconsideration will be denied. Pugh made it very clear that he did not approve of counsel's response to Respondent's motion to dismiss and sought to submit his own, separate response brief. Counsel cannot work effectively when a client essentially wishes to represent himself. It was therefore appropriate to allow counsel to withdraw. The Court will not compel Attorney Jensen to refund Pugh the monies already paid for his services. It is obvious that

3

Attorney Jensen performed substantial services in Pugh's case. Whether any refund might be due is a contractual question beyond the scope of the issues in this case.

Pugh also filed a motion to clarify his brief in opposition to Respondent's motion to dismiss. The motion will be granted. The requested clarifications have been noted by the Court. The Court will now turn to Respondent's motion to dismiss.

## ANALYSIS

Respondent asserts that the following claims are either not cognizable under § 2254 or were procedurally defaulted because the Wisconsin Court of Appeals denied Pugh's request for relief based on an independent and adequate state law basis: the trial counsel provided ineffective assistance by failing to impeach a witness (Claim 1), post-conviction counsel provided ineffective assistance when he failed to master the trial record (Claim 2), Pugh's right to due process was violated when the State failed to correct false testimony (Claim 7), Pugh's right to due process was violated when the State failed to disclose material evidence (Claim 8), the circuit court arbitrarily denied his Wis. Stat. § 974.06 motion (Claim 9), the Wisconsin Court of Appeals' ex parte dismissal of Pugh's state habeas, or *Knight*, petition deprived Pugh of effective assistance of counsel (Claim 10), the Wisconsin Court of Appeals lacked jurisdiction to decide the merits of Pugh's state habeas petition while the Brown County Circuit Court exercised jurisdiction over Pugh's § 974.06 motion (Claim 11), the Wisconsin Court of Appeals refused to apply the correct law (Claim 12), the Wisconsin Court of Appeals refused to apply *Brady v. Maryland* (Claim 13), and the Wisconsin Court of Appeals refused to apply *Strickland v. Washington* (Claim 14). As Respondent notes, it is questionable whether many of these so-called claims are even cognizable under § 2254. Failing to master the trial record, for example, does not amount to a claim cognizable under § 2254 unless such failure resulted in the denial of a constitutional right.

Likewise, erroneous decisions by a state's appellate courts are reviewable by federal courts under § 2254, but the decisions themselves are not constitutional violations.

Having reviewed the filings by the parties and the decisions of the Wisconsin Court of Appeals, the Court now concludes that the following claims have been exhausted and are entitled to review under § 2254:

> ineffective assistance of appellate/postconviction counsel due to counsel's failure to raise the issues of: (1) whether the State violated his right to due process of law when it failed to disclose numerous concessions and benefits given to its key witness and concessions given to another lay witness, and (2) that his right to effective assistance of counsel was violated when trial counsel failed to impeach one of the lay witness's testimony and failed to object to, and failed to investigate, another witness's testimony.

These claims were rejected by the state court of appeals on their merits. The appellate court addressed each and concluded that "there is no reasonable probability that counsel would have prevailed on appeal but for counsel's failure to raise the current due process and ineffective assistance of counsel claims." Dkt. No. 25-3 at 5. The remaining claims Pugh purports to raise in his petition for habeas relief are either not cognizable under § 2254 or were procedurally defaulted. Pugh's claim that the trial court erred in admitting the other act evidence from his 2001 conviction was never raised as a constitutional claim and thus is procedurally defaulted. Respondent's motion is therefore granted as to those claims and they are hereby dismissed.

**IT IS THEREFORE ORDERED** that Respondent's motion to dismiss claims 1 through 5 and 7 through 14 (Dkt. No. 24) is **GRANTED**. Pugh may proceed on his claim that his appellate counsel was ineffective under the Fifth, Sixth, and Fourteenth Amendments when he failed to investigate and develop the issues described herein.

**IT IS FURTHER ORDERED** that Pugh's motion to clarify the brief in opposition (Dkt. No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Pugh's motion for reconsideration (Dkt. No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that within 60 days of the date of this order Respondent shall answer the remaining claim in the petition, complying with Rule 5 of the Rules Governing § 2254 Cases.

**IT IS FURTHER ORDERED** that the parties shall abide by the following schedule regarding the filing of briefs on the merits of Pugh's remaining claim: (1) Pugh shall have 45 days from the filing of Respondent's answer within which to file his brief in support of his petition; (2) Respondent shall have 45 days following the filing of Pugh's initial brief within which to file a brief in opposition; and (3) Pugh shall have 30 days following the filing of Respondent's opposition brief within which to file a reply brief, if any.

Pursuant to Civil Local Rule 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block.

**IT IS FURTHER ORDERED** that Pugh is required to submit all correspondence and legal material to:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Because Pugh's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Pugh need not mail to counsel for the Respondent copies of documents sent to the Court.

Dated at Green Bay, Wisconsin this __7th__ day of September, 2021.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge