UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN T. PUGH,

    Petitioner,

v.                                   Case No. 16-C-1456

CHRIS BUESGEN,

    Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION AND APPOINTMENT OF COUNSEL**

Petitioner Sean T. Pugh, who is currently serving a sentence in the custody of the Wisconsin Department of Corrections (DOC), filed this petition for habeas corpus. Currently before the Court are Petitioner's motions for reconsideration and to appoint counsel. For the following reasons, both motions will be denied.

**A. Motion for Reconsideration**

Petitioner seeks to have the Court reconsider its order dismissing claims 1 through 5 and 7 through 14. Dkt. No. 49. However, a motion for reconsideration under these circumstances serves the limited purpose of correcting manifest errors of law or presenting newly discovered evidence. *See Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (internal quotations and citation omitted). Petitioner does not contend that he has discovered any new evidence, but does contend that this Court has made manifest errors of law in dismissing Petitioner's claims. Regardless, Petitioner's motion for reconsideration is largely a regurgitation of the same arguments he advanced in his initial response brief. For example, Petitioner's brief in support of his motion for reconsideration is effectively the exact same set of paragraphs set forth in his response brief.

*Compare* Dkt. No. 52 with Dkt. No. 45 at 8. Furthermore, Petitioner's motion for reconsideration cites largely to the exact same precedent that he cited in his response brief, and presents no new arguments that convince the Court that it has committed a manifest error of law. Therefore, the Court will deny Petitioner's motion for reconsideration.

### B. Motion to Appoint Counsel

Next, Petitioner has moved the Court to appoint counsel. Although Attorney Jeffrey W. Jensen previously represented Petitioner, Attorney Jensen moved to withdraw on the basis that he believed Petitioner either wished to represent himself, or alternatively, to engage in a form of hybrid representation where Petitioner wished to dictate the substance of Attorney Jensen's submissions to the Court. *See* Dkt. No. 41. The Court granted Attorney Jensen's motion. Petitioner now requests appointment of counsel on the basis that the proceedings and issues in his case are too complex for a lay person, and that even were he to continue representing himself, he is not being afforded meaningful access to the legal resources at the correctional institution in which he resides. Having considered Petitioner's request, the Court concludes that the motion should be denied.

Although not required, the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

2

Petitioner asserts that he is indigent, claiming that he has $409.00 in his prison trust account, $1,067.000 in his prison release account, and $175.00 in a savings account. Petitioner provides no documentation to support his claims, but the Court need not address Petitioner's financial eligibility because, even if Petitioner had met the initial financial burden, the Court is not convinced that appointment of counsel would serve the interests of justice in this case. Petitioner appears, from his filings and appearances to date, to have greater than average ability to communicate orally and in writing. Since Attorney Jensen has withdrawn, Petitioner's subsequent *pro se* filings have been organized and well-worded, and it appears that Petitioner adequately understands the arguments he presents to the Court. Furthermore, the Court notes that the complexity of Petitioner's case should decrease significantly, as the Court has dismissed most of Petitioner's claims, leaving him only to proceed on his claim that his appellate counsel was ineffective under the Fifth, Sixth, and Fourteenth Amendments. It is also significant that, in most habeas cases, the issues raised in federal court have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, Petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise here.

While my appraisal of the complexity of the case and Petitioner's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, Petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's motion for reconsideration (Dkt. No. 51) is **DENIED**. Petitioner has merely resurrected arguments and citations that the Court previously considered in arriving at its initial decision.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel (Dkt. No. 53) is **DENIED** without prejudice. The Court will give further consideration to Petitioner's request as the case proceeds.

**SO ORDERED** at Green Bay, Wisconsin this 7th day of October, 2021.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge