SEAN T. PUGH,

        Petitioner,

        v.         Case No. 16-C-1456

CHRIS BUESGEN,

        Respondent.

## DECISION AND ORDER

Petitioner Sean T. Pugh filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2012 convictions for multiple drug crimes. This matter comes before the Court on Pugh's motion to amend/supplement the petition, third motion to appoint counsel, motion to stay the briefing schedule or for an extension of time, motion to compel, motion to expand the record, and motion for an evidentiary hearing as well as Respondent's motion to dismiss for lack of prosecution.

## BACKGROUND

Pugh was convicted in Brown County Circuit Court of one count of possession with intent to deliver cocaine as a party to the crime, one count of possession with intent to deliver THC as a party to the crime, one count of maintaining a drug trafficking place as a party to the crime, one count of possession of drug paraphernalia as a party to the crime, and one count of possession of cocaine as a party to the crime. He was sentenced to 27 years of initial confinement and 24 years of extended supervision.

Pugh filed a direct appeal contesting the circuit court's decisions to admit other acts evidence and to allow the State to amend the Information. The Wisconsin Court of Appeals affirmed Pugh's conviction. *State v. Pugh*, No. 2013AP1522-CR (Wis. Ct. App. Oct. 21, 2014), Dkt. No. 25-4. Pugh then filed a motion for relief under Wis. Stat. § 974.06, asserting that his post-conviction and appellate counsel were ineffective for failing to assert that (1) his trial counsel provided ineffective assistance by failing to interview and/or impeach certain witnesses and (2) the State had failed to disclose information favorable to his defense in violation of his due process rights. In addition to his § 974.06 motion, Pugh filed a *Knight* petition for a writ of habeas corpus with the Wisconsin Court of Appeals, arguing that his appellate counsel was ineffective for failing to raise the same issues. *See State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992).

The court of appeals denied the *Knight* petition *ex parte*, finding that "Pugh's claims of ineffective assistance of counsel are not clearly stronger than the claims raised on direct appeal," and that, given the overwhelming evidence of guilt produced at trial, the witness issues could not "have reasonably affected the outcome of the trial." *State v. Pugh*, No. 2016AP943-W (Wis. Ct. App. Sept. 22, 2016), Dkt. No. 25-3 at 4 (internal quotation marks omitted). The circuit court subsequently denied Pugh's § 974.06 motion as moot. Pugh appealed the circuit court's denial of his § 974.06 post-conviction motion. The Wisconsin Court of Appeals affirmed the circuit court's decision and held that Pugh's "current claims for relief from the judgment of conviction are procedurally barred by the prior proceedings." *State v. Pugh*, Nos. 2016AP2505 & 2017AP1619 (Wis. Ct. App. Aug. 6, 2019), Dkt. No. 25-2 at 2. The court of appeals specifically addressed the circuit court's denial of Pugh's motion for post-conviction relief, explaining

> those issues were procedurally barred by Pugh's failure to include them with the other issues raised in his direct appeal. In addition, Pugh's attempt in his postconviction motion to recast the issues as claims based upon newly discovered evidence fails because—absent any showing that the information would have

2

affected the trial—the information did not satisfy the materiality criteria for newly discovered evidence.

*Id.* at 5–6. Addressing Pugh's assertion that the real controversy had never been tried, the court of appeals reiterated that the issues he repeatedly raised "would not have affected the outcome of the trial" and that "the real controversy was tried and . . . no miscarriage of justice occurred." *Id.* at 6–7.

Pugh filed this petition for a writ of habeas corpus on October 31, 2016. The Court administratively closed the case on November 8, 2016, to allow Pugh to exhaust his unexhausted claims. On April 1, 2020, the Court reopened the case, screened Pugh's petition, and allowed Pugh to proceed on his fourteen grounds for relief. Respondent subsequently filed a motion for partial dismissal. On September 8, 2021, the Court dismissed thirteen of Pugh's fourteen grounds for relief, finding that the dismissed claims were either procedurally defaulted or not cognizable under § 2254. Dkt. No. 49 at 5. The Court allowed Pugh to proceed on his ineffective assistance of appellate/post-conviction counsel claim based on counsel's failure to raise the following issues: (1) the State violated his right to due process of law when it failed to disclose numerous concessions and benefits given to its key witness and concessions given to another lay witness and (2) his right to assistance of counsel was violated when trial counsel failed to impeach one of the lay witness's testimony and failed to object to and investigate another witness's testimony. Respondent subsequently filed an answer to the petition on October 13, 2021.

## ANALYSIS

**A. Pugh's Motion to Appoint Counsel**

In his third motion to appoint counsel, Pugh asserts that counsel should be appointed because he has been found guilty of two conduct reports and, as a result, will be confined to his room for 15 days and will not have access to electronics, the law library, his legal research, or his

3

drafts. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief. Before a court can appoint counsel, however, it must find that the petitioner is financially eligible and that the appointment of counsel would serve the interests of justice. § 3006A(a)(2). It should be noted that Pugh had retained counsel who withdrew when Pugh filed a pro se motion to withdraw his response to a motion to dismiss filed by Respondent, apparently because Pugh believed he was more knowledgeable about his case and the applicable law than his attorney. Dkt. No. 39.

Given this history and for the reasons previously stated (Dkt. No. 55), the Court is not convinced that appointing counsel in this case would serve the interests of justice. Pugh's filings are neat and organized, and it appears Pugh understands the arguments he presents to the Court. Although Pugh was ordered to be in room confinement at the time he filed his motion, those fifteen days have passed and it seems he would no longer be subject to the limitations he experienced at the time he filed his motion. The difficulties Pugh claims are the same difficulties any litigant would have in proceeding *pro se*. While the Court's appraisal of the complexity of the case and Pugh's ability to litigate the matter may change as the case proceeds, at this time, the Court concludes that the interests of justice do not require the appointment of counsel. Therefore, Pugh's motion to appoint counsel is denied without prejudice.

**B. Pugh's Motion to Amend**

Pugh also seeks leave to amend his petition. A petition for a writ of habeas corpus may be "amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Because more than 21 days have passed since Pugh's initial filing, he may amend his petition "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A court "should freely give leave when justice so requires." *Id.* However, a court may

deny a motion to amend for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004).

Pugh seeks to add six new grounds for relief. He asserts that the State violated his due process right to a fundamentally fair trial by withholding material impeachment evidence (Proposed Ground 15). Pugh explains that, in 2018, he discovered Brown County Drug Task Force evidence revealing that the State withheld the fact that it failed to submit evidence relating to the possession of cocaine and of paraphernalia charges for testing. Also in 2018, Pugh discovered evidence that the State withheld Brown County Jail GPS bracelet records of Brookes Mann, a witness at his trial, that irrefutably establish that Mann committed perjury by testifying to having been at 1668 Morrow Street, where the drugs were located, in November 2010 and possessing direct knowledge of Pugh selling marijuana from this location. In addition, Pugh asserts that he discovered pretrial emails between the District Attorney's office and counsel for another witness, Asa Lehrke, that reveal Lehrke's cooperation with the State was contingent on the deal he received from the State.

Next, Pugh asserts that the State violated his due process right to a fundamentally fair trial by failing to correct perjury (Proposed Ground 16). He maintains that Lehrke falsely testified that he did not enter into a deal in exchange for his testimony and that the above-referenced emails "conclusively show" that Lehrke had expectations of specific performance. Dkt. No. 57-2 at 3. Pugh claims that Mann falsely testified that, during November 2010, she had been at 1668 Morrow Street as recently as one to three days or a week before the search warrant was executed on November 30, 2010, and that she had some direct knowledge of Pugh selling marijuana from that

5

location. He asserts that Mann's GPS bracelet revealed that she was never at or near 1668 Morrow Street in October or November 2010. *See* Dkt. No. 10-1 at 26–33. Pugh claims that a state crime lab drug technician, Madison Kniskern, falsely testified that she tested all suspected substances, even though the Brown County Drug Task Force evidence logs establish that the evidence seized from Pugh's residence was never sent to the crime lab for drug identity testing. *See id.* at 40–48.

Pugh also claims that the State failed to present sufficient evidence to convict on Counts 1, 2, 3, 5, and 6 (Proposed Ground 17). He asserts that the newly discovered GPS records and evidence room logs expose perjury and evidentiary failings of the State's case.

Pugh further claims that he was denied effective assistance of trial counsel (Proposed Ground 18) because counsel failed to investigate and discover the factual basis for the grounds raised here and failed to correct perjury. He also asserts that he was denied effective assistance of post-conviction counsel (Proposed Ground 19) because counsel did not meaningfully review the case file and conduct a reasonable investigation and failed to identify and preserve the claims now raised.

Finally, Pugh claims that the state courts reached unreasonable determinations of fact based on the records before them (Proposed Ground 20). He asserts that the court of appeals unreasonably determined that Pugh's claims were not clearly stronger than the claims his post-conviction counsel raised on appeal because the court did not have possession of the complete record or the newly discovered evidence.

The Court notes that the Wisconsin Court of Appeals addressed the potential *Brady* evidence in denying Pugh's *Knight* petition. Dkt. No. 25-3. In his petition, Pugh argued, among other things, that he was denied his constitutional right to the effective assistance of counsel due to his appellate/postconviction counsel's failure to raise the issue of whether the State violated his

right to due process of law when it failed to disclose numerous concessions and benefits given to its key witness and concessions given to another lay witness. He asserted that the State had negotiated a "multitude of benefits" with Lehrke, including the consolidation of cases, a joint sentencing recommendation for minimal time in custody, the quashing of warrants, and forgoing bail jumping charges. *Id.* at 3. Pugh argued that this new, undisclosed evidence undermined Lehrke's credibility and provided a motive to lie. He also argued that there was new evidence concerning coercion of Mann that involved "threats of prosecution/revocation if she refused to testify, countered with a non-prosecution agreement and pretrial promises of immunity." Dkt. No. 25-5 at 45. The Wisconsin Court of Appeals concluded Pugh's claim of ineffective assistance of counsel was not "clearly stronger" than the claims raised on direct appeal. Dkt. No. 25-3 at 4. It reasoned that, in light of the other overwhelming evidence of Pugh's guilt, it was not persuaded that the alleged issues regarding the lay witnesses, including Lehrke and Mann, could have reasonably affected the outcome of the trial. The court explained that there was no basis to conclude the probable cause supporting the search warrant was undercut by any alleged consideration given Lehrke. *Id.*

After reviewing Pugh's new evidence, which he filed with this Court on February 20, 2019, the Court acknowledges that the evidence, including Mann's GPS records which appear to show that she was not near 1668 Morrow Street in October or November 2010, is significant. But Pugh must present his claims and newly discovered evidence to the state courts before those grounds for relief can be considered in a federal habeas petition. A district court may not address the merits of the claims in a petition for writ of habeas corpus "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Pugh asserts that he did not exhaust his state court remedies because he discovered the evidence related to these

newly asserted grounds for relief in 2018 through the course of litigating his state court appeals. But he did not seek to supplement his pending § 974.06 motion or file a new post-conviction motion in state court and has not offered any explanation for his failure to do so. It would appear that based on the newly discovered evidence, Pugh may have state court remedies available to him. *See State v. Avery*, 2013 WI 13, ¶ 25, 345 Wis. 2d 407, 826 N.W.2d 60. If Pugh does exhaust his state court remedies as to these newly asserted grounds for relief, he may have grounds to file a second federal habeas petition. 28 U.S.C. § 2244(b)(2)(B). But because Pugh has not exhausted his state court remedies with respect to these new grounds for relief, his motion to amend his current petition is denied.

**C. Pugh's Remaining Motions**

Pugh filed a motion to stay the briefing schedule pending a decision on his motions or an extension of time to file his brief in support of his petition. The Court grants Pugh's motion. Pugh must file a brief in support of his petition within 60 days of the date of this order.

Pugh also moved to compel discovery and expand the record. He seeks to compel certain discovery and requests that the Court incorporate that evidence into the record in this case. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). While a court may, "for good cause, authorize a party to conduct discovery," the party "requesting discovery must provide reasons for the request." Rule 6 of the Rules Governing Section 2254 Cases. Pugh has not established good cause to conduct discovery in this case, as the discovery Pugh seeks is unrelated to the claims he is proceeding on in this case. Therefore, Pugh's motions to compel discovery under Rule 6 and to expand the record are denied.

Pugh further requests that the Court conduct an evidentiary hearing pursuant to Rule 8. Rule 8 provides that, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8 of the Rules Governing Section 2254 Cases. The Court concludes that an evidentiary hearing is not necessary in this case and denies the motion.

IT IS THEREFORE ORDERED that Pugh's third motion to appoint counsel (Dkt. No. 60) is **DENIED** without prejudice. The Court will continue to consider Pugh's request as the case proceeds.

IT IS FURTHER ORDERED that Pugh's motion to amend his petition for writ of habeas corpus (Dkt. No. 57) is **DENIED**.

IT IS FURTHER ORDERED that Pugh's motion for an extension of time to file his opening brief (Dkt. No. 63) is **GRANTED**. Within 60 days of the date of this order, Pugh must file a brief in support of his petition. No further extension of time will be granted absent a showing of good cause.

IT IS FURTHER ORDERED that Pugh's motions to compel discovery, to expand the record, and for an evidentiary hearing (Dkt. Nos. 64, 68, & 71) are **DENIED**.

IT IS FURTHER ORDERED that Respondent's motion to dismiss for failure to prosecute (Dkt. No. 74) is **DENIED**.

Dated at Green Bay, Wisconsin this 20th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge