UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN T. PUGH,

    Petitioner,

    v.                                    Case No. 16-C-1456

CHRIS BUESGEN,

    Respondent.

## ORDER APPOINTING COUNSEL FOR ANCILLARY REPRESENTATION

    Petitioner Sean T. Pugh is currently incarcerated at Stanley Correctional Institution. In 2012, he was convicted in Brown County Circuit Court of multiple drug crimes and sentenced to 27 years of initial confinement, followed by 24 years of extended supervision. On October 31, 2016, Pugh, representing himself, filed a petition for relief under 28 U.S.C. § 2254. The case was initially stayed to allow Pugh to exhaust state court remedies. After the stay was lifted, the court appointed counsel based on its conclusion that Pugh's claims appeared to have merit. Presently before the court is Pugh's motion to appoint counsel for ancillary representation. More specifically, Pugh asks that the court authorize appointed counsel to represent him in related state court proceedings. The State does not object. For the following reasons, the motion will be granted.

    Before addressing the present motion, a brief summary of this case is helpful. In 2017, after filing his petition, Pugh uncovered evidence that potentially undermined his convictions. That evidence, however, was never presented to the state court, so Pugh needed to return to state court and bring a motion for postconviction relief. On June 21, 2022, under 18 U.S.C.

§ 3006(A)(a)(2)(B), this court appointed Federal Defender Services of Wisconsin (FDSW) to represent Pugh in his federal habeas case. Dkt. No. 81. On March 21, 2023, the court stayed the federal case for a second time to allow Pugh to exhaust his claims in state court. *See* Dkt. No. 97. On March 27, 2024, at FDSW's request, the State Public Defender (SPD) agreed to represent Pugh in state court.

Now the current issue. Pugh recently advised FDSW that his SPD counsel is no longer able to represent him. FDSW confirmed as much with the SPD, and the SPD informed FDSW that it would likely take over a year to assign a new attorney to Pugh's case. In order to prevent further delay in a case that is over eight years old, Pugh asks this court to enter an order authorizing FDSW to represent him in his state court proceedings.

Appointments of counsel are made under 18 U.S.C. § 3006A. This court has already appointed counsel to represent Pugh in his federal case under 18 U.S.C. § 3006(A)(a)(2)(B). Dkt. No. 81. The issue is whether to permit federal counsel to represent Pugh in state court. Section 3006A(c) elaborates on the intricacies of appointments: "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." The court finds that Pugh's state court case qualifies as an "ancillary matter" under the 18 U.S.C. § 3006A(c). *Starks v. Meisner*, Case No. 14-cv-844-jdp, Dkt. No. 54 (W.D. Wis. Oct. 24, 2017); *see also United States v. Bonds*, 121 F.4th 1129, 1133 (7th Cir. 2024) (Hamilton, J., concurring) (characterizing "including ancillary matters appropriate to the proceedings" as "broad language"). Thus, FDSW may represent Pugh in his state court proceedings.

**IT IS THEREFORE ORDERED** that Pugh's motion to appoint counsel for ancillary proceedings (Dkt. No. 101) is **GRANTED.** FDSW is hereby appointed to represent Pugh in his state court proceedings.

Dated at Green Bay, Wisconsin this 12th day of December, 2024.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge